JAMES WILSON et al., Respondents-Appellants, v ONE TEN DUANE STREET REALTY Co., Appellant-Respondent.

First Department, January 20, 1987

### APPEARANCES OF COUNSEL

*Joseph Burden* of counsel *(Gary M. Rosenberg* and *Susan R. Lipp* with him on the brief; *Rosenberg & Estis, P. C.,* attorneys), for appellant-respondent.

*Paul M. Gulielmetti, P. C. (Elise Berkower* with him on the brief), for respondents-appellants.

### OPINION OF THE COURT

Per Curiam.

In 1979, the defendant purchased a five-story building having a certificate of commercial occupancy and used solely for such purposes. The defendant itself ran a shoe business on the ground floor. Between March and May of that year it leased each of the upper floors to artists for renovation to residential units. The five-year standard loft leases called for annual rent of about $3 a square foot, the tenants to pay also their proportionate share of heating costs and any tax increases. The tenants were to renovate their areas, the landlord the common areas, all in compliance with code requirements, the goal being the obtaining of a residential certificate of occupancy. The leases gave the tenants the right to sell their fixtures and improvements to subsequent tenants. Each lease provided that an "option for renewal of the lease shall be discussed 30 days prior to the termination of this lease".

The tenants renovated the four upper floors into seven apartments, with two subleased with the knowledge of the landlord. The residential certificate of occupancy was obtained in February 1982.

The third-, fourth- and fifth-floor leases expired in early 1984. The landlord offered new leases at approximately $7 a square foot, with no rights to the tenants to sell their fixtures or improvements. Each tenant but one refused the offer and eviction proceedings were commenced in Civil Court. Ultimately, they were consolidated with this action.

Five tenants and a subtenant commenced this action alleging that, when they had entered into their leases, the landlord represented that, if they rehabilitated at their own expense

and a residential certificate were obtained, they would be entitled to rent stabilization and the ownership of their fixtures. They alleged that the landlord never intended to abide by these representations upon which they had relied. The first cause of action sought a declaration that their units were protected by the Loft Law (Multiple Dwelling Law art 7-C). The second cause of action sought a declaration of the tenants' right to the rent-stabilization protection embodied in the Emergency Tenant Protection Act of 1974 (McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, § 4]). The third cause of action sought an injunction against dispossess proceedings by the landlord, and the fourth, attorneys' fees under Real Property Law § 234.

The landlord counterclaimed for: a declaration that the building was exempt from the Loft Law and the Emergency Tenant Protection Act (ETPA); use and occupancy as to those tenants whose leases had expired; attorneys' fees under the leases; and ejectment of some of the tenants. The plaintiff tenants' reply alleged, *inter alia,* that the landlord was equitably estopped from asserting its defense of exemption under the Loft Law.

The landlord moved for summary judgment; the tenants cross-moved for the same relief. Special Term granted the landlord's motion, except that it failed to rule on the application for attorneys' fees. The cross motion was denied, the court declaring that the building was subject neither to the Loft Law nor the ETPA. Both sides have appealed.

Special Term correctly found the building was not covered by the Loft Law. Multiple Dwelling Law § 281 was enacted on June 21, 1982 and makes the article applicable to "interim multiple dwellings" which are defined as de facto residential buildings lacking a residential certificate of occupancy. Since this building had had such a certificate since February 1982, the law is inapplicable. The tenants contend, however, that the landlord should, in equity, be estopped from preventing the enforcement of their rights. The contention has no merit. The lack of a residential certificate on the enactment date is not, in substance, a defense for the landlord. Rather, it is a prerequisite to the tenant's coverage under the Loft Law. "Equitable estoppel does not operate to create rights otherwise nonexistent; it operates merely to preclude the denial of a right claimed otherwise to have arisen." (57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 15 [with citations].) Thus, the first cause of action was properly dismissed.

The ETPA exempts from its regulation "housing accommodations in a building containing fewer than six dwelling units" (Uncons Laws § 8625 [a] [4] [a]). Special Term held this exemption applicable for the stated reason that, while there were seven dwelling units from 1979 onward, there were less than six (in fact, none) when the statute was enacted in 1974. This establishment of 1974 as a base date has some support (see, 129 E. 56th St. Corp. v Harrison, 122 Misc 2d 799; 123 E. 18th St. Corp. v Gisler, 113 Misc 2d 718). A contrary and more persuasive view is expressed in Thomas Loft Tenants Assoc. v Lawrence Co. (117 Misc 2d 360, 364), and we concur with its reasoning. The purpose of the ETPA being to extend the protection of rent stabilization in the face of a declared emergency brought about by housing shortages and their attendant problems (see, Uncons Laws § 8622; Axelrod v Starr, 52 AD2d 232, affd 41 NY2d 942), it is best served by following the plain language of the statute and refraining from supplying an uncalled for base date that would only restrict its purpose.

The ETPA also exempts from its coverage "housing accommodations in * * * buildings substantially rehabilitated as family units on or after January first, nineteen hundred seventy-four" (Uncons Laws § 8625 [a] [5]). Special Term held this exemption applicable because this building was not rehabilitated until 1979. At a quick glance, this seems correct. A second look, however, convinces us that the applicability of this exemption may depend on the resolution of factual issues presented by the testimony. The plaintiff tenants assert that they paid as much as 90% of the total rehabilitation costs of the building. The landlord denies this, claiming it subsidized more than half of the tenants' costs by charging below-market rent. The implicit purpose of the exemption is to give a landlord the investment incentive of the recoupment of his rehabilitation costs free of a stabilized rent. It would be a ridiculous perversion of the statute to hold that when the costs are substantially borne by the tenants it would qualify the landlord for unregulated rent and leave the tenants defenseless against increased exactions. (Cf. Mandel v Pitkowsky, 102 Misc 2d 478.)

We conclude that Special Term erred in granting the defendant summary judgment on the second cause of action and, so holding, it follows that the grant to defendant of summary judgment dismissing the third and fourth causes of action must also be reversed.

Accordingly, the order of the Supreme Court, New York County (Louis Grossman, J.), entered July 23, 1986, which failed to grant or address defendant's claim for attorneys' fees, and which granted its motion for summary judgment dismissing plaintiffs' four causes of action and declaring that their tenancies were not subject to either the Loft Law or the Rent Stabilization Law, should be modified, on the law, to the extent of denying defendant's motion for summary judgment as to plaintiffs' second, third and fourth causes of action, vacating the declaration of noncoverage under the Emergency Tenant Protection Act and remanding the matter for further proceedings to determine the proportion of landlord's expenses out of the total rehabilitation costs relevant to the substantial rehabilitation exemption of the ETPA (Uncons Laws § 8625 [a] [5]) in accordance with the decision herein, and, as so modified, the order is otherwise affirmed, without costs or disbursements.

MURPHY, P. J., SULLIVAN, ASCH, LYNCH and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on July 23, 1986, unanimously modified, on the law, to the extent of denying defendant's motion for summary judgment as to plaintiffs' second, third and fourth causes of action, vacating the declaration of noncoverage under the Emergency Tenant Protection Act (ETPA) and remanding the matter for further proceedings to determine the proportion of landlord's expenses out of the total rehabilitation costs relevant to the substantial rehabilitation exemption of the ETPA (McKinney's Uncons Laws of NY § 8625 [a] [5]) in accordance with the decision herein, and, as so modified, the order is otherwise affirmed, without costs and without disbursements.