OPINION OF THE COURT
Alan L. Lebowitz, J.
Petitioners move for summary judgment pursuant to CPLR 3212 to dismiss the defenses interposed by respondent. The defenses are: lack of personal jurisdiction; improper rent demanded in the petition; petition is improper because it fails to state that the building was rent stabilized; retaliatory eviction; and warranty of habitability.
Respondent withdrew the defense of lack of personal jurisdiction by stipulation dated July 31, 1987.
Petitioners allege that respondent is a month-to-month tenant and that the premises are not a multiple dwelling subject to the Rent Stabilization Law (hereinafter referred to as the RSL). Petitioners further allege that if the court finds that the premises were subject to rent stabilization, that they are nevertheless exempt under section 5 (5) of the Emergency Tenant Protection Act (L 1974, ch 576, § 4) (hereinafter re *741 ferred to as ETPA), in that there was substantial rehabilitation to the premises.
Respondent contends that she is a rent-stabilized tenant and that the premises have not undergone substantial rehabilitation exempting the premises from rent-stabilized status.
From the affidavits submitted, it may be concluded that the undisputed facts are:
Petitioners are the owner and respondent a tenant of premises at 824 Avenue U, Brooklyn, New York. This nonpayment proceeding was commenced by petition dated July 2, 1987 against respondent. In July 1977, when title vested in petitioners, these premises contained 5 apartments and 1 doctor’s office as set forth in the certificate of occupancy dated May 20, 1949. Petitioners also submitted an altered building application dated October 28, 1983 to convert these premises to a dwelling consisting of six apartments and an office. A second certificate of occupancy dated April 1, 1985 sets forth that the building now contains six apartments and a doctor’s office.
At the outset it should be noted that the affidavit submitted by the respondent setting forth defenses of retaliatory eviction and breach of warranty of habitability present issues of fact requiring a trial. The sole issue which this court addressed on this summary judgment motion is whether the addition of an apartment converting the building from a 5-family building (plus an office) to a 6-family building (plus an office) subjected the premises to the provisions of the RSL.
The question presented is a novel issue in this department.
This court finds that as a matter of law that conversion of the premises to a six-family unit (with an office) would subject the premises to the provisions of the RSL absent any other ground for exemption contained in the statute.
The trial court, constrained by the time-honored doctrine of stare decisis, is required to apply the law as interpreted by the Appellate Division, First Department, in that no decisions have been rendered by the Appellate Division of this Department. (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].)
A careful review of the relevant case law suggests a shift in the law in the First Department. At first blush, it would appear that 129 E. 56th St. Corp. v Harrison (122 Misc 2d 799 [App Term 1984]) is determinative of this issue. The Appellate Term, First Department, held that, as a matter of law, if in 1974, the building had less than six units it would be exempt *742 from the rent stabilization irrespective of an increase in accommodations subsequent to that date. The court acknowledges a contrary result reached by Mr. Justice Kassal in Duane Thomas Loft Tenants Assn. v Sylvan Lawrence Co. (117 Misc 2d 360 [Sup Ct, NY County 1982]). This juxtaposition of theories was commented on by the Appellate Division, First Department, in Wilson v One Ten Duane St. Realty Co. (123 AD2d 198 [1st Dept 1987]). The court states: "The ETPA exempts from its regulation 'housing accommodations in a building containing fewer than six dwelling units’ (Uncons Laws § 8625 [a] [4] [a]). Special Term held this exemption applicable for the stated reason that, while there were seven dwelling units from 1979 onward, there were less than six (in fact, none) when the statute was enacted in 1974. This establishment of 1974 as a base date has some support (see, 129 E. 56th St. Corp. v Harrison, 122 Misc 2d 799; 123 E. 18th St. Corp. v Gisler, 113 Misc 2d 718). A contrary and more persuasive view is expressed in Duane Thomas Loft Tenants Assoc. v Lawrence Co. (117 Misc 2d 360, 364), and we concur with its reasoning. The purpose of the ETPA being to extend the protection of rent stabilization in the face of a declared emergency brought about by housing shortages and their attendant problems (see, Uncons Laws § 8622; Axelrod v Starr, 52 AD2d 232, affd 41 NY2d 942), it is best served by following the plain language of the statute and refraining from supplying an uncalled for base date that would only restrict its purpose.” (Supra, at 201; emphasis supplied.)
Although the dispute in Wilson (supra) involved the Loft Law, the comments of the court were directed at interpretation of the ETPA.
This court interprets Wilson (supra) as the view of the First Department in that increase in units is the determinative factor and no arbitrary date avoids applicability of the statute.
Petitioners also raise the issue of exemption from RSL by reason of the provisions of ETPA § 5 (5).
The applicable law relating to this issue can be found initially in ETPA § 5 (5).
"§ 5. Housing accommodations subject to regulation, a. A declaration of emergency may be made pursuant to section three as to all or any class or classes of housing accommodations in a municipality except * * *
"(5) housing accommodations in buildings completed or buildings substantially rehabilitated as family units on or after January first, nineteen hundred seventy-four”.
*743 This provision was embodied in the new Rent Stabilization Code effective May 1, 1987.
"§ 2520.11 Applicability.
"This code shall apply to all or any class or classes of housing accommodations made subject to regulation pursuant to the RSL or any other provision of law, except the following housing accommodations for so long as they maintain the status indicated below * * *
"(e) housing accommodations in buildings completed or buildings substantially rehabilitated as family units on or after January 1, 1974, except such buildings which are made subject to this Code by provision of the RSL or any other statute”.
The public policy of encouraging the creation of additional housing units and rehabilitation of existing units is stated in the RSL (Administrative Code of City of New York, tit 26, ch 4).
Section 26-501 of the RSL states in pertinent part:
"§ 26-501. Findings and Declaration of Emergency.
"The council hereby finds that a serious public emergency continues to exist in the housing of a considerable number of persons within the city of New York and will continue to exist after April first, nineteen hundred seventy-four; that such emergency necessitated the intervention of federal, state and local government in order to prevent speculative, unwarranted and abnormal increases in rents; that there continues to exist an acute shortage of dwellings which creates a special hardship to persons and families occupying rental housing * * * that unless residential rents and evictions continue to be regulated and controlled, disruptive practices and abnormal conditions will produce serious threats to the public health, safety and general welfare; that to prevent such perils to health, safety and welfare, preventive action by the council continues to be imperative”.
In Wilson (supra), the respondent advanced a similar argument.
The Wilson court was of the opinion that ETPA § 5 (5) may provide an exemption to the landlord under circumstances where additional units were created with the proviso that the apartments were substantially rehabilitated. The court found this to be a question of fact requiring a hearing. Accordingly, I find in the instant proceeding this to be an issue of fact to be resolved during trial.
*744 Petitioners’ reliance on Cooper v Schube (86 AD2d 62, affd 57 NY2d 1016) is misplaced. In Cooper, there had been a conversion to a 6-family unit and reconversion to a 5-family unit prior to the time title vested in the new owner. The Appellate Division stated: "The mere fact that a prior owner circumvented these standards by creating, for an insignificant period, a sixth apartment can by no means design, for all times, a building with this addition. This indiscretion cannot be imputed to the present owners especially where the latter purchased the premises without knowledge of this illegality and where the illegal use ceased long before the date of purchase”. (Supra, at 66.)
It is the opinion of this court that the Legislature should address the issue of whether buildings converted into six dwellings subsequent to January 1, 1974, irrespective of substantial rehabilitation should be exempt from RSL so as to encourage conversion of additional apartments during this time of apartment shortages in New York City.
Accordingly, the motion for summary judgment is denied. The matter is restored to the Part 18 Calendar for trial on February 29, 1988.