(November 20, 1989)

■ SIDNEY ALBERT et al., Appellants, v GLICK DEVELOPERS OF NORTH HILLS, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated August 2, 1988, which is in favor of the defendants and against them, upon granting a motion by the defendants for summary judgment in an order dated July 13, 1988.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs are the owners of certain classes of homes (models C, D and E) within the condominium complex known as Estates at North Hills I in North Hempstead, New York. They allege that they have been illegally and unjustly assessed a disproportionate share of the interest in the common areas of the condominium complex upon which all homeowners are required to pay the carrying and maintenance charges in violation of Real Property Law § 339-i (1) which provides, in pertinent part "Each [condominium] unit shall have appurtenant thereto a common interest as expressed in the declaration. * * * (iii) the interest of each of the units shall be in equal percentages, one for each unit as of the date of filing the declaration, or in equal percentages within separate classifications of units as of the date of filing the declaration". We disagree.

Contrary to the plaintiffs' contention, we find that the defendant Glick Developers of North Hills, Inc. (hereafter Glick) complied with the foregoing section of the Real Property Law. Glick established five different unit classifications and assigned a percentage of the interest in the common areas to each class. The percentages were equal within each classification. Since all the units within a particular class have the same percentage allocation of common elements the method established by Glick complied with the statute.

Furthermore, the plaintiffs' counsel's conclusory allegations regarding Glick's purported miscalculation of the percentages of common elements allocated to each unit are insufficient to defeat an award of summary judgment (see, *Zuckerman v City of New York*, 49 NY2d 557).

We have examined plaintiffs' remaining contentions and find them to be without merit. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.