■ JOSEPH G. SHAPIRO, Appellant, v MAURICE SHORENSTEIN et al., Respondents.—In an action to recover damages for breach of contract and fraud and to recover upon certain promissory notes, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated January 23, 1989, as denied his motion for partial summary judgment in his favor on the first, fourth, and fifth causes of action in the principal sum of $600,000 and dismissing the defendants' counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment in favor of the plaintiff and against the defendants in the principal sum of $600,000.

The facts have been set forth in a companion appeal (Shapiro v Shorenstein, 157 AD2d 833 [decided herewith]).

A motion for summary judgment may not be defeated by

the assertion of mere conclusory allegations in the pleadings or affidavits *(see, Albert v Glick Developers,* 155 AD2d 569).

The existence in this record of promissory notes in the amounts of $200,000, $250,000, and $150,000, signed by the defendants on March 10, 1987, October 7, 1987, and October 14, 1987, respectively, and made payable to the plaintiff Joseph G. Shapiro, clearly document the defendants' indebtedness to the plaintiff. The defendants have presented nothing in the way of documentation to support their numerous affirmative defenses and rely instead on allegations which are wholly conclusory in nature and which additionally are inconsistent and illogical, if not totally preposterous. Accordingly, the plaintiff is entitled to judgment in the principal sum of $600,000. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.