■ JORDAN MANUFACTURING CORPORATION, Previously Known as SEAGOING UNIFORM CORPORATION, Appellant, v THOMAS ZIMMERMAN et al., Respondents.—In an action, *inter alia,* to recover possession of real property and to eject a holdover tenant therefrom, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Shaw, Jr., J.), dated July 19, 1989, as denied its motion for partial summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondents Zimmerman and Ziola, the plaintiff's motion for partial summary judgment is granted, possession of the subject premises is awarded to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.

The plaintiff landlord entered into a loft lease agreement with the defendants Tuff and Weyman in 1983. They remained on the subject premises beyond the term of their lease

and at some point thereafter apparently vacated the premises. At some point between 1983 and 1987, the defendants Zimmerman and Ziola began to occupy the premises without a lease or any written agreement. Thereafter, the plaintiff commenced this action to eject the remaining occupants from the premises. The defendants Tuff and Weyman have failed to interpose an answer.

We note initially that this action, *inter alia,* is to recover possession of real property and not to recover rents. Accordingly, it is not barred by Multiple Dwelling Law § 302 based on the plaintiff's failure to obtain a certificate of occupancy for the premises.

We further determine that the Supreme Court erred in denying the plaintiff's motion for partial summary judgment in its favor. A motion for summary judgment may not be defeated by the assertion of mere conclusory allegations, expressions of hope or unsubstantiated assertions *(see, Shapiro v Shorenstein,* 157 AD2d 833; *Albert v Glick Developers,* 155 AD2d 569). In this case, the respondents Zimmerman and Ziola, in opposition to the plaintiff's motion, have made only the unsubstantiated claim that the plaintiff, through an agent, promised them a lease and promised to obtain a certificate of occupancy for the building. Brown, J. P., Harwood, Miller and Ritter, JJ., concur.