OPINION OF THE COURT
Barry Hurowitz, J.
Plaintiff’s motion for an order consolidating the captioned cases and for summary judgment awarding plaintiff possession of the apartments in which defendants reside, and dismissing the counterclaims is granted to the extent that the cases are consolidated under the caption listed on the moving papers and under index number 32228/91.
Plaintiff herein owns a four-story loft building located at 24 Sixth Avenue, Brooklyn, New York. The building is zoned for commercial use only. In 1983 open raw loft space on the third and fourth floors of this building were renovated for residential use, seven units were created. Several defendants entered into leases for the units and one did not have a lease. Plaintiff did not renew any of the leases. Plaintiff has served defendants with 30-day notices of termination.
The plaintiff commenced actions against various tenants to obtain possession of their apartments as well as other relief. Plaintiff has moved for consolidation of these actions and for summary judgment on the issue of possession of the units and dismissal of defendants’ counterclaims. The motion is granted as to consolidation since the same issues are involved in each of these proceedings. Summary judgment and dismissal of the *298 counterclaims cannot be granted since issues of fact exist as set forth below.
Plaintiff contends, that the defendants are collaterally es-topped from defending this action due to the Second Department’s decision in Jordan Mfg. Corp. v Zimmerman (169 AD2d 815 [1991]). The court disagrees.
In Jordan (supra), the plaintiff, who is the same plaintiff as in the case at bar, brought an action to obtain possession of apartments from other tenants in the building at issue before this court. The Second Department reversed the Supreme Court’s denial of plaintiff’s motion for summary judgment and granted the plaintiff possession because defendants, who occupied the apartments without leases, made only unsubstantiated claims that the plaintiff, through an agent, promised them leases and promised to obtain a certificate of occupancy for the building (supra, at 816). The court found these assertions to be conclusory and insufficient to rebut the facts asserted in the landlord’s moving papers. Thus, it does not collaterally estop the defendants herein from defending against this motion on substantive grounds.
The issue before this court on that part of the motion seeking summary judgment and dismissal of the counterclaims is whether the defendants’ tenancies are protected by the Rent Stabilization Law, or whether these units are exempt from rent stabilization by virtue of the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY § 8625 [a] [4], [5] [L 1974, ch 576, § 4 (§ 5 [a] [4], [5])]).
Unconsolidated Laws § 8625 (a) (4) (a) exempts premises with less than six dwelling units from the rent stabilization laws. Plaintiff contends that this statute should be read as exempting any premises where six dwelling units did not exist prior to or on January 1, 1974, the effective date or base date of the statute, even if six dwelling units were created or the number of existing units was increased to six or more after the base date. The First Department, however, disagrees.
In Wilson v One Ten Duane St. Realty Co. (123 AD2d 198 [1st Dept 1987]), the court explicitly rejected this base date argument and held that rent regulations go into effect whenever a sixth dwelling unit is added in a building unless the dwelling is exempt from regulation on some other grounds. The court stated: "The purpose of the ETPA being to extend the protection of rent stabilization in the face of a declared emergency brought about by housing shortages and their *299 attendant problems * * * it is best served by following the plain language of the statute and refraining from supplying an uncalled for base date that would only restrict its purpose” (supra, at 201).
This court is bound by the First Department’s decision (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]). Thus, summary judgment cannot be granted based upon Unconsolidated Laws § 8625 (a) (4) (a).
Plaintiff also argues that summary judgment should be granted on the grounds that the dwelling is exempt from rent stabilization pursuant to Unconsolidated Laws § 8625 (a) (5). This section exempts "housing accommodations in buildings completed or buildings substantially rehabilitated as family units on or after January first, nineteen hundred seventy-four”.
In order for this exemption to apply, the court must determine two issues. One, whether the building was substantially rehabilitated (Pape v Doar, 160 AD2d 213 [1st Dept 1990]), and two, whether it was the owner, as opposed to the tenants, who paid for the rehabilitation (Wilson v One Ten Duane St. Realty Co., supra).
In defining the term substantially rehabilitated, the court in Pape v Doar (supra) held that Unconsolidated Laws § 8625 (a) (5) must be strictly construed and should be interpreted "in conjunction with provisions entitling owners of rent-stabilized buildings to rent increases for major capital improvements” (supra, at 215). Prior to its renovation, the five-story building in Pape consisted of a cellar used for storage, a ground floor consisting of an unused open space and apartment units on the remaining three floors. After the renovation, the building’s two bottom floors were renovated for office space. All of the apartments and the major building systems were replaced. The court found that the building did not meet the definition of substantial rehabilitation.
In reaching this conclusion, the court cited various lower court definitions of substantial rehabilitation. These cases have held that the "building”, as opposed to the individual apartment units, must be rehabilitated for residential use (Goodman v Ramirez, 100 Misc 2d 881, 884 [Civ Ct, NY County 1979]); that the building’s use cannot be "primarily commercial” after the renovation and that the number of dwelling units created must at least double the amount of units existing prior to the renovation (Hickey v Bomark Fab *300 rics, 111 Misc 2d 812, 815 [Civ Ct, NY County 1981], 120 Misc 2d 597 [App Term, 1st Dept 1983]); and that the renovation has to be more than an upgrading in "the multiple dwelling status of the building” or the "conversion of a commercial or largely commercial structure into multiple dwelling units” since the investment for these renovations may be recouped under the Rent Stabilization Law (Matter of Romanow v Heller, 121 Misc 2d 886, 888 [Civ Ct, NY County 1983]).
If the court were to apply Pape (supra), and the cases cited therein to the case at bar, it would appear that summary judgment would have to be granted to the defendants. However, Pape must be read in light of the First Department decision in Wilson v One Ten Duane St. Realty Co. (supra).
In Wilson (supra), the upper four floors of a five-story commercial building were renovated as dwelling units. The ground floor retained its commercial use. There the court did not raise the issue raised in Pape (supra), but determined that the issue was whether the building owner or the tenants absorbed the major cost of renovation. The First Department found that the exemption was created to "give a landlord the investment incentive of the recoupment of his rehabilitation costs free of a stabilized rent” (Wilson v Duane St. Realty Co., supra, at 201). The court notes that the major difference between Wilson and Pape and its cited cases is that in all of the cases except Wilson, the premises had been at least partially used as a dwelling prior to rehabilitation. Thus, Wilson and Pape must be reconciled using this distinction as a basis.
In cases where the area renovated is divided between commercial and residential use, it would appear that the issue becomes the extent of the commercial rehabilitation. Where the building’s use remains "primarily commercial”, an incentive for recoupment is not required because the landlord is expected to recoup his investment from the commercial use of the building. In cases where the building was primarily residential, and where rent stabilization existed prior to the renovation, or where units were added so that rent stabilization subsequently applied to the building, an exemption is not required unless renovations are so extensive that they cannot be recouped under the rent stabilization laws. This protects tenants by keeping their apartments regulated while permitting the landlord to make necessary improvements or even add apartments.
*301 Wilson (supra), and the case at bar, may be distinguished from these cases insofar as in Wilson and the case at bar, the renovation served only to change purely commercial space into purely residential space. Under such circumstances, where there has been no renovation to the part of the building maintaining its commercial use, the recoupment for the landlord can only come from the rent charged for the residential units. In addition, there is no need to protect existing tenancies with rent regulation as such tenancies did not exist prior to the renovation. In such cases, the creation of residential units where none existed is a substantial rehabilitation so as to exempt these buildings from stabilization. It is this possibility for quick recoupment which exists as an incentive to commercial building owners to invest in creating apartment units in underutilized commercial space.* Thus, the building in the case at bar meets the substantial rehabilitation requirement of Pape v Doar (supra).
Despite this finding, that part of the motion seeking summary judgment and dismissal of the counterclaims must be denied as issues of fact exist as to whether the plaintiff or defendants bore the cost of the rehabilitation. If the court determines at trial that the landlord bore the costs of the renovation, then he is entitled to the exemption. If the tenants paid for the renovation, then the property is not exempt as to do so would be a "ridiculous perversion” of Unconsolidated Laws § 8625 (a) (5) (Wilson v One Ten Duane St. Realty Co., supra, at 201).

 The court notes that Pape v Doar (supra) does not necessarily accept all of the requirements of the cases it cites. Pape explicitly rejects the "doubling” requirement made in Hickey v Bomark Fabrics (supra), and based its factual finding on the fact that 2 of the 6 floors were renovated for commercial purposes.