■ In the Matter of 91 FIFTH AVENUE CORPORATION, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. In the Matter of 5 WEST 20TH STREET CORPORATION, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [672 NYS2d 301] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered May 22, 1997, which, in a proceeding pursuant to CPLR article 78, inter alia, denied the petition, directed petitioner to issue respondent-tenant a rent stabilized lease, and ordered petitioner to register two units with respondent State Division of Housing and Community Re-

newal (DHCR); and order and judgment (one paper), same court and Justice, entered May 6, 1997, which, in a separate proceeding pursuant to CPLR article 78, *inter alia*, denied the petition, ordered petitioner to offer respondents-tenants rent stabilized leases, and ordered petitioner to register three units with DHCR, unanimously affirmed, without costs.

In these consolidated proceedings, we agree with Supreme Court that the Loft Law (Multiple Dwelling Law art 7-C), does not exclude from rent stabilization coverage interim multiple dwellings with fewer than six residential units. The broad remedial purpose of the Loft Law, namely, to confer rent stabilized status on legalized interim multiple dwellings (*see*, Multiple Dwelling Law § 286 [13]; *Blackgold Realty Corp. v Milne*, 119 Misc 2d 920, *affd* 126 Misc 2d 721, *affd* 119 AD2d 512, *affd* 69 NY2d 719), would not be served by withholding rent stabilization coverage from legalized loft dwellings in buildings with less than six qualifying units (*see*, *Axelrod v French*, 148 Misc 2d 42, 43-44, *affd as mod* 154 Misc 2d 310). Nor is there language in the Loft Law requiring such a self-defeating result. In this regard, petitioners misread Multiple Dwelling Law § 286 (3); the phrase cited by petitioners as requiring the limitation for which they argue merely modifies the statutory language immediately preceding it (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 254) to clarify that special Loft Law provisions respecting leases, such as those permitting a residential tenant's sale of fixtures (*see*, Multiple Dwelling Law § 286 [6]), take precedence over contrary provisions of the Emergency Tenant Protection Act of 1974. Moreover, we think it clear that had the Legislature in enacting the Loft Law intended to limit so substantially the number of legal interim multiple dwelling units qualifying for rent stabilization coverage, and, concomitantly, to limit the statute's remedial effect, it would have done so explicitly and not by means of the oblique importation of coverage criteria from the Emergency Tenant Protection Act of 1974 proposed by petitioners.

We have considered petitioners' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli, Tom and Saxe, JJ.