OPINION OF THE COURT
Per Curiam.
Orders dated November 13, 1998 and September 23, 1999, insofar as appealed from, reversed with $10 costs, tenants’ motion for summary judgment and for attorneys’ fees is denied, and the holdover petitions are reinstated.
Tenants took possession of the subject loft units at 530 West 25th Street, Manhattan, pursuant to commercial leases which have since expired. While the leases limited occupancy to office or studio use, it is not disputed that tenants also resided in the premises with landlord’s knowledge and acquiescence. On appeal, tenants concede that their units do not qualify for protected status under the Loft Law (Multiple Dwelling Law art 7-C). The issue that divides the parties is whether these units, situated in a building constructed prior to 1974 containing six dwelling units, qualifies for rent stabilization protection under the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4, as amended [ETPA]).
The broad remedial purpose of the Loft Law is to confer rent-stabilized status on legalized interim multiple dwellings (see, Matter of 91 Fifth Ave. Corp. New York City Loft Bd., 249 AD2d 248; Multiple Dwelling Law § 286 [13]). But this does not, as landlord argues, necessarily negate ETPA coverage for qualifying buildings which, for whatever reason, did not undergo the conversion process set forth in article 7-C (Wilson v One Ten Duane St. Realty Co., 123 AD2d 198). As noted by Civil Court, the ETPA is “inclusive” and may provide regulation for “all housing accommodations which it does not expressly except, including previously unregulated accommodations” (Matter of Salvati v Eimicke, 72 NY2d 784, 791). Permanent coverage under a rent regulatory scheme should not, however, attach to dwelling units which have not been legalized or are incapable *689 of being legalized. In this regard, no residential certificate of occupancy has yet been obtained for the premises. The assertion that residential use is prohibited because the building is situated in a “light manufacturing district” (Ml-5) does not, without more evidence, definitively resolve whether the residential use or joint living/working use of the lofts dating back to 1981 would qualify ás a permitted use under the applicable zoning resolutions — even if new residential development is now excluded in the district. These questions are unanswered in the record and preclude summary determination at this stage of the proceedings.
Assuming without deciding that ETPA coverage applies to the lofts, a further issue for determination is landlord’s claim to the “substantial rehabilitation” exemption (McKinney’s Uncons Laws of NY § 8625 [a] [5]; ETPA § 5 [a] [5]). To this end, we conclude that landlord’s motion for renewal should have been granted (see, Scannell v Mt. Sinai Med. Ctr., 256 AD2d 214) and summary judgment denied. There are triable issues as to the scope of the rehabilitation (Pape v Doar, 160 AD2d 213) and whether this is a case where the cost of the rehabilitation was “substantially borne” by the tenants (Wilson v One Ten Duane St. Realty Co., supra, at 201).
The proceedings are therefore remanded for trial on the holdover petitions in accordance with this decision. In light of our disposition, any issues as to attorneys’ fees and alleged rent overcharge are premature and we do not reach them.
Parness, P. J., Davis and Suarez, JJ., concur.