■ SARAH WOLINSKY et al., Appellants, et al., Plaintiff, v KEE YIP REALTY CORP., Respondent. [756 NYS2d 515] —Order, Supreme Court, New York County (Walter Tolub, J.), entered July 16, 2002, which, in an action by plaintiff tenants against defendant landlord for a declaration that plaintiffs' tenancies qualify for rent stabilization protection under the Emergency Tenant Protection Act of 1974 (McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, § 4; ETPA]), and related injunctive relief compelling defendant to give plaintiffs rent stabilized residential leases, granted defendant's motion for summary judgment and dismissed the complaint, unanimously modified, on the law, to declare that plaintiffs' tenancies are not covered by the ETPA and are not entitled to rent stabilization protection, and otherwise affirmed, without costs.

The premises do not have a residential certificate of occupancy (*compare Wilson v One Ten Duane St. Realty Co.*, 123 AD2d 198, 200 [1987]), and are located in an M1-5B zoning district permitting use only for light manufacturing and joint living-work quarters for artists. Plaintiffs do not claim to be artists and do not claim protection under the Loft Law. Instead, they claim protection under the ETPA, an "inclusive, rather than exclusive" statute that covers "all housing accommodations which it does not expressly except, including previously unregulated accommodations" (*Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]), such as, plaintiffs argue, lofts first used

as residences with the landlord's permission after the Loft Law window period ended on December 31, 1981. Clearly, however, ETPA coverage does not extend to tenancies that are illegal and incapable of becoming legal (*see Tan Holding Corp. v Wallace*, 187 Misc 2d 687, 688-689 [2001]). As the IAS court explained, to accept plaintiffs' argument as to the coverage of the ETPA would be, in effect, to award a variance for the building without administrative authorization. Such relief cannot be granted without legislation like the Loft Law, and we decline to do so based on mere speculation that a variance, if applied for, would be granted. We modify only to make the necessary declaration in defendant's favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Concur—Andrias, J.P., Buckley, Williams and Friedman, JJ.