■ ED MOORE ADVERTISING AGENCY, INC., Respondent, v SHIRLEY A. SHAPIRO et al., Appellants.

The complaint alleges, *inter alia,* that the defendants acted together to prevent the plaintiff from recovering the balance of outstanding judgments against Mirage Restaurant Inc. (hereinafter Mirage) and Heavenly Father, Inc. (hereinafter Heavenly Father). According to the plaintiff, the defendant Shirley A. Shapiro, as the sole shareholder and the corporate agent of Mirage, allegedly rendered Mirage insolvent by trans-

ferring all of its assets, without consideration, to Heavenly Father. The defendant Rose Barash, as the sole shareholder of Heavenly Father, acted as its corporate agent. Barash, as Heavenly Father's agent, then allegedly rendered Heavenly Father insolvent by transferring all of its assets to a third corporation, I.H.R. Inc. (hereinafter IHR), via the defendant Iris Hillary Rakity, the corporate agent of IHR. In light of these allegations of fraudulent conduct, the defendants are proper parties to this action *(see, Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 44; *Perez v One Clark St. Hous. Corp.,* 108 AD2d 844; *La Lumia v Schwartz,* 23 AD2d 668; *Baron v Bobroy, Inc.,* 11 AD2d 766; 15 NY Jur 2d, Business Relationships, § 1079, at 352-353). Moreover, the complaint is pleaded in sufficient detail to meet the requirement of CPLR 3016 (b) *(see, Foley v D'Agostino,* 21 AD2d 60; Siegel, NY Prac §§ 216, 265). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.