■ ELDON REALTY et al., Respondents, v FOX MEADOW ASSOCIATES et al., Appellants, et al., Defendants.—In an action to recover damages for breach of contract and for equitable and injunctive relief, the defendants Fox Meadow Associates, National Lending Group, Inc., and Landsman, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated May 30, 1986, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Eldon Realty, a licensed real estate broker, seeks enforcement of two commission agreements and an exclusive selling agency agreement, all allegedly executed on behalf of the defendant-appellant partnership Fox Meadow Associates, by its managing partner, the defendant Grand Perridine Development Corp., through its president and principal, the defendant Robert J. Meyer, and its vice-president, Philip Scolaro. In moving for summary judgment, the appellants contend that the alleged agreements are unenforceable as a matter of law.

The trial court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as it is asserted against the appellants on the ground that there were multiple issues of fact which required a trial. We note at the outset that the appellants' motion papers were served with the answer prior to any discovery. Among the triable issues are the following. First, issues of fact are raised as to the actual, implied or apparent authority of the defendant Grand Perridine Development Corp., acting through Meyer and Scolaro, to execute the agreements at issue on behalf of the defendant partnership Fox Meadow Associates. Second, ambiguities in the so-called "commission agreement" dated September 17, 1985, are susceptible of differing interpretations and the appellants have failed to sustain their burden on this motion to show, as a matter of law, that the defendant Fox Meadow Associates was not the entity to be bound by its name as signatory on that document, or on the "commission agreement" dated November 16, 1985, or on the "contract agreement" (see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290-291). Third, in light of documentary proof of partial payment of commissions, the appellants have failed to show, as a matter of law, that the alleged agreements were subject to a condition precedent implied from the "commission agreement" dated September 17, 1985 (see, Metropolitan Bank v Brennan, 48 AD2d 254, 256-257). Likewise, the appellants have failed to show as a matter of law that the alleged agreements are unenforceable on the basis of a failure of consideration (see, General Obligations Law §§ 5-1103, 5-1105). Finally, it cannot be said on this record that, as a matter of law, these agreements are unenforceable because they are tainted by a fourth agreement which the appellants claim shows breaches of fiduciary duties and illegality. Under the circumstances, the order should be affirmed insofar as appealed from. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.