■ JOSEPH G. SHAPIRO, Appellant, v MAURICE SHORENSTEIN et al., Respondents.—In an action to recover damages for breach of contract and fraud and to recover upon certain promissory notes, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated July 1, 1988, as denied his motion for a preliminary injunction and/or an order of attachment and granted the defendants' cross motion to dismiss his second cause of action and to vacate a temporary restraining order.

Ordered that the order is modified, by deleting the provision thereof which granted that branch of the defendants' cross motion which was to dismiss the plaintiff's second cause of action and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In early 1987, the defendants Maurice and Muriel Shorenstein, who are husband and wife, approached their nephew, Joseph G. Shapiro, the plaintiff in this case, and asked him to provide Scott Lowell, Ltd., a sportswear business nominally owned by Mrs. Shorenstein but operated by the Shorensteins' two sons, with credit so as to induce suppliers to provide the business with raw materials. Under the agreement, any order for goods by Scott Lowell, Ltd. would be first approved by and then billed to the plaintiff. Scott Lowell, Ltd. agreed either to pay the suppliers for the materials directly or to reimburse the plaintiff if it was unable to make immediate payment and the plaintiff was called upon to make payment. On or about March 10, 1987, as part of the defendants' attempt to induce the plaintiff to extend his credit on behalf of Scott Lowell, Ltd.

the defendants agreed in writing to guarantee repayment of $200,000 in the event that Scott Lowell, Ltd. failed to pay the same. The guarantee took the form of a promissory note dated March 10, 1987, payable on demand in the principal amount of $200,000, which the defendants executed and delivered to the plaintiff. In reliance on the guarantee and promissory note, the plaintiff proceeded to extend credit in the approximate amount of $200,000 on behalf of Scott Lowell, Ltd.

Pursuant to the above agreement, the plaintiff had, by September 1987, accepted orders in the approximate amount of $1,600,000 which were all billed to his firm, Joli Marketing Company. Although the defendants purportedly assured the plaintiff that they would guarantee the debt incurred by the purchase of the raw materials, the defendants, despite numerous alleged requests on the part of the plaintiff, failed to provide a written guarantee or to execute and deliver to the plaintiff a promissory note in the above amount.

Subsequently in October 1987 the defendants informed the plaintiff that Scott Lowell, Ltd. needed an additional cash infusion to obtain the goods from finishers, and that if it were unable to obtain the finished goods, there would be no way to pay for the raw materials he had purchased on its behalf. Consequently, the plaintiff made loans on October 7, 1987 and October 14, 1987 of $250,000 and $150,000, respectively, each of which was documented by a demand promissory note signed by the defendants. The instant litigation was precipitated by the defendants' failure to pay the plaintiff when he demanded payment on the October 14, 1987 loan in December 1987. In his complaint, the plaintiff alleged five causes of action, the second of which was to recover damages for default on the defendants' purported oral promise. The plaintiff obtained a temporary restraining order enjoining the defendants from disposing of shares or encumbering the lease of their cooperative apartment and from disposing of their Rolls Royce.

The defendants subsequently cross-moved (1) pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action on the ground that the claim asserted therein rested on the defendants' purported oral guarantee of a debt and thus was barred by the Statute of Frauds and (2) pursuant to CPLR 6314 to vacate the temporary restraining order.

In the order appealed from, the court granted the defendants' motion in its entirety.

Pursuant to CPLR 6301, a preliminary injunction may be granted in any action where it appears that the defendant is

about to take action in violation of the plaintiff's rights respecting the subject of the action. In the instant situation, the property which the plaintiff seeks to have the defendants restrained, *inter alia,* from disposing of or encumbering (i.e., the defendants' apartment and automobile) is not the subject of this action *(see also, Rosenthal v Rochester Button Co.,* 148 AD2d 375). Furthermore, a preliminary injunction is inappropriate here on the additional ground that any breach on the part of the defendants may be fully redressed by monetary damages *(see, Haulage Enters. Corp. v Hempstead Resources Recovery Corp.,* 74 AD2d 863).

Further, the plaintiff relies entirely on conclusory allegations that the defendants have put their apartment up for sale and are about to move to Florida. The affidavits presented by the plaintiff fail to establish a fraudulent intent on the part of the defendants *(see, Laco X-Ray Sys. v Fingerhut,* 88 AD2d 425). Accordingly, the plaintiff has failed to establish his need for an order of attachment.

However, we agree with the plaintiff that the court improperly dismissed his second cause of action based on the pleadings alone. The question of whether the circumstances of this case are so egregious as to render it unconscionable to permit the defendants to invoke the Statute of Frauds is one that should not be determined on the pleadings but which should await a full determination of facts after a trial *(see, Ackerman v Landes,* 112 AD2d 1081; *Buddman Distribs. v Labatt Importers,* 91 AD2d 838). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.