■ EDWARD ISHAQ, Plaintiff, v RAVI BATRA, Appellant, DORA OSTROWSKI, Respondent, et al., Defendants.—In an action to foreclose a mortgage, the defendant Ravi Batra appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered March 23, 1989, which granted the motion of the defendant Dora Ostrowski, a co-owner with the appellant of the property in question, for a preliminary injunction enjoining the appellant from withdrawing any funds from certain bank accounts and safe deposit boxes, and from selling or otherwise disposing of his interest in a condominium law office, and directed the appellant to deposit with his attorney, in an escrow account for the respondent's benefit, any funds which the appellant received from her.

Ordered that the order is reversed, without costs or disbursements, and the application for a preliminary injunction is denied.

It is well settled that in order to be granted a preliminary injunction, the movant must demonstrate " '(1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of equities favors [the movant's] position' " *(Barone v Frie,* 99 AD2d 129, 132, quoting from *Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306). "Preliminary injunctive relief is a drastic remedy which will not be granted 'unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant' " *(County of Orange v Lockey,* 111 AD2d 896, 897, quoting from *First Natl. Bank v Highland Hardwoods,* 98 AD2d 924, 926).

Based upon our review of the record, we conclude that there has been a failure to demonstrate irreparable injury absent the granting of a preliminary injunction *(see, Shapiro v Shorenstein,* 157 AD2d 833; *Zonghetti v Jeromack,* 150 AD2d 561). Brown, J. P., Harwood, Miller and Ritter, JJ., concur.