■ Busters Cleaning Corporation, Respondent, v Augustus P. Frati et al., Appellants. (Action No. 1.) Total Cleaning Services, Inc., Respondent, v Augustus P. Frati et al., Appellants. (Action No. 2.)—In two actions for a permanent injunction and to recover damages for the wrongful appropriation of customers, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), entered January 22, 1990, which granted the plaintiffs' respective motions for preliminary injunctions.

Ordered that the order is reversed, without costs or disbursements, and the motions for preliminary injunctions are denied.

The defendant Augustus P. Frati is a former employee of both of the plaintiffs, Total Cleaning Services, Inc. (hereinafter

Total Cleaning) and The Busters Cleaning Corporation (hereinafter Busters Cleaning). Total Cleaning compiled a customer list over the years which allegedly contained a number of names, addresses, and phone numbers which are unlisted and not otherwise readily available. Frati was employed by Total Cleaning and had access to its computer listings. When Busters Cleaning purchased the customer list from Total Cleaning, Frati was hired to work for Busters Cleaning. Eventually, Frati left the employ of Busters Cleaning and began his own cleaning service. The record indicates that the vast majority of Frati's present customers were customers of either or both Total Cleaning and Busters Cleaning. The complaint alleges, *inter alia,* that Frati appropriated to his own use the confidential customer lists of the plaintiffs. The plaintiffs seek damages and a permanent injunction against Frati, enjoining him from servicing any customers or prospective customers of the plaintiffs. In this context, the plaintiffs separately moved for preliminary injunctions, which were granted by the trial court after a hearing. We now reverse.

In order to prevail on a motion for a preliminary injunction, the movant must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that the balancing of equities favors the movant's position *(see, Shannon Stables Holding Co. v Bacon,* 135 AD2d 804, 805; *Family Affair Haircutters v Detling,* 110 AD2d 745, 747).

While the plaintiffs have demonstrated their likelihood of success on the merits, we find that, should the plaintiffs prove successful, they may be fully recompensed with a monetary award. Thus, they have failed to demonstrate an irreparable injury *(see, Houlage Enters. Corp. v Hempstead Resources Recovery Corp.,* 74 AD2d 863). Furthermore, given that the plaintiffs have approximately 5000 customers, and the record indicates that the defendant has approximately 40, the majority of which are former customers of the plaintiffs, to grant the preliminary injunction would virtually put the defendant out of business while bestowing relatively little benefit on the plaintiffs. Thus, it cannot be said that the equities favor the movants here *(see generally, Family Affair Haircutters v Detling, supra,* at 748; *Forstmann v Joray Holding Co.,* 244 NY 22, 29-30; *see also, Walter Karl, Inc. v Wood,* 137 AD2d 22, 28). Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.