■ LORIE EMORD, Respondent, v PAUL EMORD, Defendant, and WILLIAM J. VOLKMAN, JR., Appellant. [598 NYS2d 266] —In an action, *inter alia,* to recover damages for fraud, the defendant William J. Volkman, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated December 10, 1990, as denied his motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Upon our review of the pleadings, we find that a fair reading of the plaintiff's complaint sets forth a cause of action sounding in actual fraud against both defendants. Concealment, with intent to defraud, of facts which one is duty-bound to disclose is of the same legal effect and significance as affirmative misrepresentations of fact *(see, Nasaba Corp. v Harfred Realty Corp.,* 287 NY 290, 294-296). The plaintiff's complaint clearly sets forth that she was misled by the defendant Paul Emord's affirmative representations as well as the silence of his partner, the appellant William J. Volkman, Jr., so that she believed that Paul Emord was satisfying the mortgage payments. Neither defendant informed the plaintiff that Paul Emord permitted the marital residence to be foreclosed upon or that he and his cohort, the appellant Volkman, subsequently purchased the premises, thereby extinguishing the plaintiff's rights in the property which had been previously held by the plaintiff and Paul Emord as tenants by the entirety and which tenancy had been converted to a tenancy in common following their divorce.

Courts should not strain to deprive plaintiffs of their day in court and, when a complaint can be reasonably construed as alleging a cause of action which is not time-barred, the complaint should not be dismissed but the action should proceed to trial at which time the plaintiffs should be permitted to prove their causes of action.

The complaint alleged that William Volkman and Paul Emord acted in concert to cause the foreclosure sale and then to repurchase the property to the plaintiff's detriment. As such, Volkman is a proper party to this litigation and the complaint was pleaded in sufficient detail to meet the specificity requirements of CPLR 3016 (b) insofar as the misconduct complained of was set forth in sufficient detail to inform the defendants of the incidents complained of *(see, Lanzi v Brooks,* 43 NY2d 778; *Moore Adv. Agency v Shapiro,* 124 AD2d 696).

Since a cause of action sounding in actual fraud is subject to a Statute of Limitations of six years from the date of the commission of the fraud or two years from when the plaintiff discovered the acts or, with reasonable diligence, could have discovered them *(see, Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353), we find that her initiation of this action on April 2, 1990, was well within the two-year period after her July 20, 1989, discovery of the fraudulent acts and is not time-

barred. Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.