■ ANTHONY C. FIORE, Appellant, v DONNA ZALDO, Respondent. [628 NYS2d 783] —In a negligence action to recover damages for personal injuries and property damage, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Collins, J.), entered December 13, 1993, which, upon a jury verdict on the issue of liability only, is in favor of the defendant dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff is awarded judgment as a matter of law against the defendant on the issue of liability, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

On December 8, 1987, the plaintiff's vehicle was struck in the rear while it was stopped at a light on Route 110 in Farmingdale, New York. The defendant conceded that there was contact between the two vehicles, but she testified that she was unsure whether her car went into the plaintiff's car or whether his car rolled backwards into her car. A rear-end collision with a vehicle stopped for a red light creates a prima facie case of liability on the part of the operator of the offending vehicle and a duty of explanation on that operator (see, *Parise v Meltzer*, 204 AD2d 295; *Pincus v Cohen*, 198 AD2d 405). The defendant testified that she did not know how the incident occurred, and her speculation is insufficient to defeat the prima facie case of liability (see, *Pincus v Cohen*, supra; *Rebecchi v Whitmore*, 172 AD2d 600). Accordingly, it was error not to grant the plaintiff's motion to set aside the verdict, and not to grant the plaintiff judgment as a matter of law (see, *Gambino v City of New York*, 205 AD2d 583; *Cohen v Terranella*, 112 AD2d 264).

In light of our determination, it is unnecessary to address the other issues raised by the plaintiff on appeal. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.