■ EMANUEL FULOP et al., Respondents, v SEA GATE ASSOCIA-TION, Appellant. [628 NYS2d 582] —In an action, *inter alia,* to enjoin the defendant from interfering with the entrance and exit of the plaintiffs from the Sea Gate Community, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 29, 1994, as granted the plaintiffs' motion for a preliminary injunction.

Ordered that the order is affirmed insofar as appealed from, with costs.

In light of our prior decision on a related issue *(see, Fulop v Sea Gate Assn.,* 214 AD2d 536), we find that the Supreme Court properly granted the plaintiffs' motion for a preliminary injunction enjoining the defendant from implementing a plan which effectively prohibits the plaintiffs from parking overnight on the community streets based on their failure to pay dues *(cf., Forest Hills Gardens Corp. v Baroth,* 147 Misc 2d 404). Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.

■ HARRIS GLASSER, Respondent, v RICHARD KASHINSKY, Appellant. [628 NYS2d 582] —In an action to recover on a money judgment, the defendant appeals from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated May 3, 1994, as, *inter alia,* denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), (7), and (8).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contentions, the causes of actions set forth in the complaint were sufficiently particular to give the parties notice of the transactions or occurrences intended to be proved and the material elements of each cause of action *(see,* CPLR 3103). Moreover, the complaint is pleaded in sufficient detail to meet the requirements of CPLR 3016 (b) *(see, Moore Adv. Agency v Shapiro,* 124 AD2d 696). We further conclude that under the facts of this case, the plaintiff's cause of action did not accrue until 1993, when the plaintiff obtained a judgment and execution thereof returned unsatisfied *(see, Buttles v Smith,* 281 NY 226). Accordingly, the action was not time-barred pursuant to CPLR 213.

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.