(December 18, 1995)

■ ANDREW APPIO et al., Respondents, v MEL LYN OFFICE SUPPLYING, Appellant. [635 NYS2d 651] —In an action to recover the balance due on several promissory notes, the defendant appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated August 18, 1994, which granted the plaintiffs' motion to preliminarily enjoin it from, *inter alia,* selling any property in which the plaintiffs may have a security interest.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the plaintiffs' motion for a preliminary injunction is denied.

To obtain a preliminary injunction, the movants must show a probability of success on the merits, danger of irreparable injury in the absence of an injunction, and a balance of the equities in their favor *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Fulop v Sea Gate Assn.,* 216 AD2d 522). Since the plaintiffs could be adequately compensated by damages or could pursue

relief under CPLR 6201 (3) for a provisional order of attachment, they failed to show that they would suffer irreparable injury if the injunction were not granted (*see, Betesh v Jemal*, 209 AD2d 568; *Busters Cleaning Corp. v Frati*, 180 AD2d 705, 706; *Shapiro v Shorenstein*, 157 AD2d 833, 835). Thus, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion for a preliminary injunction. Mangano, P. J., Miller, Copertino, Santucci and Hart, JJ., concur.