EAGLE COMTRONICS, INC., Respondent, v PICO PRODUCTS, INC., Appellant. [682 NYS2d 505] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: This action arises out of a patent licensing agreement entered into between plaintiff as licensee and defendant as licensor; plaintiff alleges causes of action for breach of contract, fraud, unjust enrichment and unfair competition. Defendant appeals from an order denying its motion to dismiss or, in the alternative, for summary judgment. Defendant contends that the breach of contract cause of action is time-barred; that the unjust enrichment cause of action is barred by the existence of an express written contract governing the same subject matter; that the fraud cause of action is time-barred and merely restates the breach of contract cause of action; that the unfair competition cause of action is time-barred and fails to state a cause of action; that defendant is not estopped from raising the Statute of Limitations as a defense; and that the action is barred by laches.

The cause of action for unjust enrichment must be dismissed as duplicative of the breach of contract cause of action (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388-389; *Julien J. Studley, Inc. v New York News*, 70 NY2d 628, 629-630, *rearg denied* 70 NY2d 748). The existence of a valid and enforceable written contract governing a particular subject

matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 388-389).

The unfair competition cause of action must be dismissed. Under Federal or State law, the gravamen of a claim of unfair competition is the bad faith misappropriation of a commercial advantage belonging to another by infringement or dilution of a trademark or trade name or by exploitation of proprietary information or trade secrets (*see, Allied Maintenance Corp. v Allied Mech. Trades,* 42 NY2d 538, 541-543; *Comprehensive Community Dev. Corp. v Lehach,* 223 AD2d 399; *Advanced Magnification Instruments v Minuteman Opt. Corp.,* 135 AD2d 889, 891; *Forschner Group v Arrow Trading Co.,* 124 F3d 402, 407-408; *Genesee Brewing Co. v Stroh Brewing Co.,* 124 F3d 137, 149). The complaint fails to allege those essential elements. The complaint states a viable cause of action for fraud. Plaintiff does not allege merely that defendant entered into the contract while misrepresenting its intent to perform as agreed (*see, Citibank v Plapinger,* 66 NY2d 90, 94, *rearg denied* 67 NY2d 647, citing *Sabo v Delman,* 3 NY2d 155), but alleges that, after the contract was entered into, defendant repeatedly misrepresented or concealed existing facts. The fraud cause of action thus alleges wrongful conduct and injurious consequences discrete from those underlying the breach of contract cause of action (*see, Deerfield Communications Corp. v Chesebrough-Ponds, Inc.,* 68 NY2d 954, 956; *Board of Mgrs. v Dylan Carpet,* 182 AD2d 551).

Concerning the timeliness of the remaining causes of action, we conclude that the complaint is not barred by laches. Defendant has failed to show that it suffered a detriment as a result of plaintiff's failure to bring the lawsuit sooner (*see, Dwyer v Mazzola,* 171 AD2d 726, 727; *Matter of Taylor v Vassar Coll.,* 138 AD2d 70, 73). With respect to the fraud cause of action, defendant has not sustained its burden of demonstrating that plaintiff either discovered or could have discovered the fraud more than two years prior to commencement of the action (*see, Podraza v Carriero,* 212 AD2d 331, 340, *lv dismissed* 86 NY2d 885). Defendant's most recent misrepresentation occurred in August 1996, and there is no basis on this record for imputing actual or constructive notice of the fraud to plaintiff at any earlier time. The fraud cause of action thus is timely (*see, Emord v Emord,* 193 AD2d 775, 776; *see also, Hoffman v Cannone,* 206 AD2d 740, 740-741).

Finally, plaintiff has established that defendant's conduct

and misrepresentations caused plaintiff to fail to interpose its breach of contract cause of action in a timely fashion. Defendant thus is estopped from asserting the Statute of Limitations as a defense to the breach of contract cause of action (*see, Simcuski v Saeli*, 44 NY2d 442, 448-449; *General Stencils v Chiappa*, 18 NY2d 125, 127-128).

We modify the order, therefore, by granting in part defendant's motion and dismissing the causes of action for unjust enrichment and unfair competition. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Pleading.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.