■ AMBULATORY SURGERY CENTER OF BROOKLYN et al., Appellants, v HELPERS OF GOD'S PRECIOUS INFANTS, INC., et al., Respondents, et al., Defendants. [712 NYS2d 884] —In an action, *inter alia,* to enjoin the defendants from, among other things, interfering with access to the plaintiffs' premises; the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated February 4, 1999, as, upon reargument, (a) adhered to a determination in an order dated March 30, 1998, denying their motion for a preliminary injunction, (b) adhered to so much of a determination in an order dated February 25, 1998, as granted those branches of the motion of the defendants Helpers of God's Precious Infants, Inc., Phillip Reilly, Dorothy Rothar, Michael Marino, and Rose Diaz, which was for summary judgment dismissing the sixth, seventh, eighth, eleventh, twelfth, and fourteenth causes of action insofar as asserted against them, and (c) adhered to so much of a determination in an order dated March 18, 1998, as granted (i) those branches of the motion of the defendants Mary Elias and Life Center of N. Y., Inc., and (ii) those branches of the cross motion of the defendant Thomas V. Daily which were for summary judgment dismissing the sixth, seventh, eighth, eleventh, twelfth, and fourteenth causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

To obtain a preliminary injunction, the movant must show a probability of success on the merits, danger of irreparable harm in the absence of a preliminary injunction, and a balancing of the equities in his or her favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Appio v Lynn Off. Supplying,* 222 AD2d 541; *Fulop v Sea Gate Assn.,* 216 AD2d 523). Here, the plaintiffs failed to demonstrate the likelihood of success on the merits. In addition, the plaintiffs failed to demonstrate that they would suffer irreparable injury if a preliminary injunction were not granted. Finally, the balancing of the equities favors the defendants. Accordingly, the Supreme Court properly denied the plaintiffs' motion for a preliminary injunction.

In addition, the Supreme Court properly dismissed the sixth, seventh, eighth, eleventh, twelfth, and fourteenth causes of action insofar as asserted against the respondents. Even accepting every fact alleged as true and construing the complaint liberally (*see, Waste Distillation Technology v Blasland & Bouck Engrs.,* 136 AD2d 633; *Barr v Wackman,* 36 NY2d 371, 375), the plaintiffs' complaint and the opposing papers to the respondents' respective motions and cross motions do not contain the requisite allegations and proof that the respondents committed acts of unfair competition and tortious interference with contract, or violated the New York Civil Rights Law § 40-c, or antitrust laws. Mangano, P. J., Sullivan, H. Miller and Feuerstein, JJ., concur.