■ DONALD W. LEO et al., Respondents, v ERIC R. LEVI, Appellant, et al., Defendants. [759 NYS2d 94] —In an action, inter alia, for contribution, the defendant Eric R. Levi appeals from

(1) a decision of the Supreme Court, Suffolk County (Underwood, J.), dated February 4, 2002, (2) an order of the same court, dated February 28, 2002, which granted the plaintiffs' motion for a preliminary injunction, (3) an order of the same court, dated July 12, 2002, which, inter alia, granted the plaintiffs' motion pursuant to CPLR 3212 (e) for partial summary judgment, and (4) so much of a judgment of the same court, entered September 25, 2002, as, upon the order dated July 12, 2002, is in favor of the plaintiffs and against him in the principal sum of $123,022.84. The notice of appeal from the order dated July 12, 2002, is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the appeals from the orders dated February 28, 2002, and July 12, 2002, are dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, the orders dated February 28, 2002, and July 12, 2002, are vacated, and the plaintiffs' motions for a preliminary injunction and for partial summary judgment are denied; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

On April 11, 2000, the plaintiffs and the defendant Eric R. Levi, partners of the law firm of Leo, Levi & Leo, LLP, obtained a loan in the amount of $500,000 from the Massachusetts Asset Financing Corp. The partners agreed to be jointly and severally liable for repayment of the loan and pledged their interest in certain personal injury cases as collateral security for the loan. On July 6, 2000, the partnership was dissolved and some of the personal injury cases pledged as collateral for the loan were referred to the defendant law firm, Dinkes & Schwitzer (hereinafter D&S). As part of the dissolution, the partners agreed that Levi would receive 50% of the legal fees otherwise payable to the partnership by D&S from money D&S earned on the referred cases. Thereafter, the plaintiffs, who continued the partnership, paid down the loan, partly with Levi's interest in the legal fees earned on the referred cases.

The plaintiffs, alleging that the loan had been repaid in full

and that they had paid more than their proportionate share of the common liability, commenced this action seeking contribution from Levi. The Supreme Court granted the plaintiffs' motion for a preliminary injunction, and, by order dated February 28, 2002, restrained D&S from paying to Levi his interest in the legal fees earned on the referred cases. Subsequently, by order dated July 12, 2002, the plaintiffs' motion for partial summary judgment on their claim for contribution was granted and a judgment was entered thereon. We reverse the judgment insofar as appealed from, vacate both orders, and deny the motion.

The plaintiffs did not establish their entitlement to a preliminary injunction (*see Credit Agricole Indosuez v Rossiyskiy Kredit Bank,* 94 NY2d 541 [2000]; *One Step Up v Coney Z Trading,* 276 AD2d 760 [2000]). The assets which the plaintiffs seek to restrain are not specific funds which can be rightly regarded as "the subject of the action" (CPLR 6301; *see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, supra*; *Shapiro v Shorenstein,* 157 AD2d 833 [1990]). In addition, since the plaintiffs could be adequately compensated by damages or could pursue relief under CPLR 6201 (3) for a provisional order of attachment, there was a failure to demonstrate irreparable injury absent the granting of a preliminary injunction (*see Appio v Mel Lyn Off. Supplying,* 222 AD2d 541 [1995]; *Busters Cleaning Corp. v Frati,* 180 AD2d 705 [1992]; *Ishaq v Batra,* 170 AD2d 436 [1991]).

The plaintiffs also failed to establish their prima facie entitlement to partial summary judgment on their claim for contribution against Levi. Although a guarantor who has paid more than his or her proportionate share of a common liability is entitled to contribution from any co-guarantors (*see Hard v Mingle,* 206 NY 179 [1912]; *Kristiansen v Kristiansen,* 280 AD2d 584 [2001]; *Beltrone v General Schuyler & Co.,* 229 AD2d 857 [1996]; *Falb v Frankel,* 73 AD2d 930 [1980]), where there is an inequality of benefits as between co-obligors, it may destroy the equality of contribution among them (*see Reliance Group Holdings v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 188 AD2d 47, 57-58 [1993]; 23 NY Jur 2d, Contribution, Indemnity and Subrogation § 19). The parties may have received unequal benefits from the proceeds of the loan, and the record is insufficient to establish the parties' proportionate shares of the common liability. Since there is an issue of fact as to whether the plaintiffs paid more than their proportionate share of the debt, the Supreme Court erred in granting partial summary judgment to the plaintiffs (*see Beltrone v General*

*Schuyler & Co., supra*; *Newman v Lefkowitz,* 60 Misc 2d 104 [1969]; *see also* 23 NY Jur 2d, Contribution, Indemnity and Subrogation § 19). Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.