■ 39 COLLEGE POINT CORP., Respondent, v TRANSPAC CAPITAL CORP., Appellant, et al., Defendant. [784 NYS2d 905]—

In an action pursuant to RPAPL article 15 for a judgment declaring a mortgage null and void, the defendant Transpac Capital Corp. appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated June 5, 2003, as denied those branches of its motion which were for summary judgment on its first counterclaim seeking repayment on a promissory note dated December 21, 1995, to enforce a judgment against certain funds held by the plaintiff's escrowee, and to preliminarily enjoin the plaintiff and the plaintiff's escrowee from releasing those funds.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although the defendant Transpac Capital Corp. (hereinafter Transpac) established its entitlement to judgment as a matter of law on its first counterclaim seeking repayment of a loan pursuant to a promissory note, the plaintiff, in opposition, raised triable issues of fact as to whether the person who purportedly executed the note on its behalf lacked the actual or apparent authority to do so (*see Hewett v Marine Midland Bank of Southeastern N.Y.*, 86 AD2d 263, 270-271 [1982]; *see also Eldon Realty v Fox Meadow Assoc.*, 136 AD2d 677, 678 [1988]; *Five Towns Coll. v Citibank*, 108 AD2d 420, 425 [1985]), and whether it did or did not ratify that person's action (*see Hewett v Marine*

*Midland Bank of Southeastern N.Y., supra* at 271). Accordingly, the Supreme Court properly denied that branch of Transpac's motion which was for summary judgment on its first counterclaim.

To obtain a preliminary injunction restraining the plaintiff and the plaintiff's escrowee from releasing or disbursing certain funds held by the escrowee, Transpac was required to show a likelihood of success on the merits, danger of irreparable injury in the absence of an injunction, and a balance of equities in its favor (*see Evans-Freke v Showcase Contr. Corp.,* 3 AD3d 549 [2004]). Transpac did not establish its entitlement to a preliminary injunction (*see Credit Agricole Indosuez v Rossiyskiy Kredit Bank,* 94 NY2d 541 [2000]; *Leo v Levi,* 304 AD2d 621, 623 [2003]; *One Step Up v Coney Z Trading,* 276 AD2d 760 [2000]). Transpac failed to demonstrate a likelihood of success on the merits (*see William M. Blake Agency v Leon,* 283 AD2d 423, 424 [2001]; *Schrager v Klein,* 267 AD2d 296, 297 [1999]). Moreover, the assets sought to be restrained by Transpac are not specific funds which can rightly be regarded as "the subject of the action" (CPLR 6301; *see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, supra; Leo v Levi, supra; Shapiro v Shorenstein,* 157 AD2d 833 [1990]). Because Transpac could "be adequately compensated by damages or could pursue relief under CPLR 6201 (3) for a provisional order of attachment, there was a failure to demonstrate irreparable injury" (*Leo v Levi, supra* at 623; *see Schrager v Klein, supra; White Bay Enters. v Newsday, Inc.,* 258 AD2d 520, 521 [1999]; *Appio v Lyn Off. Supplying,* 222 AD2d 541 [1995]; *Busters Cleaning Corp. v Frati,* 180 AD2d 705, 706 [1992]).

In light of the foregoing, we do not reach the plaintiff's remaining contention. Smith, J.P., Luciano, Rivera and Lifson, JJ., concur.