**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFFREY J. WEISS,

       Third-Party-
       Plaintiff-Appellee,

  and

VERNAL PROPERTIES, LLC,
a Colorado limited liability company,

       Third-Party-Plaintiff,

v.

DAVID HIRSCH,

       Third-Party-
       Defendant-Appellant.

No. 07-1097
(D.C. No. 05-cv-01834-MEH-PAC)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **MURPHY**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

David Hirsch appeals from the district court's order granting summary judgment in favor of Jeffrey J. Weiss. We have jurisdiction over this diversity case under 28 U.S.C. § 1291, and we affirm.

## I. Background

This case began when Patricia Tarasiewicz brought a claim against Mr. Weiss and his company, Vernal Properties, LLC, for breach of contract based on a loan agreement.[1] Under that agreement, Ms. Tarasiewicz loaned Mr. Weiss, Vernal Properties, and Mr. Hirsch ("the Borrowers") $250,000 to provide capital for a real estate development project in Stuttgart, Germany. Ms. Tarasiewicz did not file suit against Mr. Hirsch, but Mr. Weiss filed a third-party complaint against him for contribution. Because the Borrowers failed to repay the loan without a legally valid excuse, the district court granted judgment in favor of Ms. Tarasiewicz. To satisfy the judgment, Mr. Weiss paid the full amount of the obligation to Ms. Tarasiewicz. Mr. Weiss then moved for summary judgment on his contribution claim against Mr. Hirsch to recover one-third of the obligation that he had paid to Ms. Tarasiewicz. After deducting $16,814.52 from the amount paid by Mr. Weiss, the district court granted summary judgment in Mr. Weiss' favor and ordered Mr. Hirsch to pay his one-third share of the obligation. Mr. Hirsch appeals from that order.

---

[1] The district court's jurisdiction was based on diversity of citizenship under 28 U.S.C. § 1332.

## II. Standard of Review

We review de novo the district court's grant of summary judgment, applying the same standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

## III. Discussion

In his motion for summary judgment, Mr. Weiss asserted that he was entitled to recover from Mr. Hirsch, his co-obligor on the loan agreement, one-third of the amount that he paid to Ms. Tarasiewicz to discharge their joint debt under the loan agreement. Under New York law[2], where there are joint obligors and one obligor pays more than his proportionate share of the joint debt, that obligor generally is entitled to obtain payment from his co-obligor for his equal share of the joint debt. *See Boccia v. Murphy*, 770 N.Y.S.2d 592, 595 (N.Y. Sup. Ct. 2003). In response to the summary judgment motion, Mr. Hirsch

---

[2]     Because the loan agreement states that it is to be construed and enforced in accordance with the laws of the state of New York, Mr. Hirsch argued before the district court that New York law applied to this dispute. Mr. Weiss did not challenge this assertion in the district court. *See* Aplt. App. at 104, 117 n.1. Accordingly, the district court applied New York law. *Id.* at 117 n.1.

admitted that he was a co-obligor under the contract, and he did not contest the allegation that Mr. Weiss paid the entire obligation.

Mr. Hirsch agreed that, as a co-obligor on the contract, he would normally be responsible for one-third of the obligation, but he argued that he should be excused from paying his one-third share based on the principle set forth in *Leo v. Levi*, 304 A.D.2d 621 (N.Y. App. Div. 2003). In that case, the court noted that "[a]lthough a guarantor who has paid more than his or her proportionate share of a common liability is entitled to contribution from any co-guarantors, where there is an inequality of benefits as between co-obligors, it may destroy the equality of contribution among them." *Id*. at 623 (citations omitted). In the *Leo* case, the court concluded that summary judgment was inappropriate because there was an issue of fact as to whether the parties received unequal benefits from the proceeds of the loan. *Id.* Mr. Hirsch asserted that, as in the *Leo* case, Mr. Weiss was not entitled to summary judgment because there was a factual dispute as to whether Mr. Weiss benefitted unequally from the loan funds, thereby reducing the amount he could seek from Mr. Hirsch in contribution. The district court disagreed, concluding that Mr. Weiss had established his entitlement to summary judgment for one-third of the amount of the total debt, less $16,814.52 for expenses incurred by Mr. Weiss prior to the execution of the loan agreement.

On appeal, Mr. Hirsch argues that the district court erred in granting summary judgment in favor of Mr. Weiss. He contends that Mr. Weiss received

an unequal share of the loan proceeds because Mr. Weiss used some of the loan proceeds for his personal benefit. Mr. Weiss counters that Mr. Hirsch failed to come forward with any specific evidence that Mr. Weiss personally benefitted from the loan proceeds, and, therefore, the district court properly granted summary judgment in his favor.

A. Prior Expenses

Mr. Weiss and Vernal Properties were responsible for receiving and disbursing the loan proceeds for the real estate development project in Stuttgart, Germany. Mr. Weiss prepared an itemized accounting of the receipt and disbursement of the funds for the project. That accounting reflects that Mr. Weiss used loan proceeds to reimburse himself for $16,814.52 of expenses that he incurred between September and December 2004. Mr. Hirsch argues that Mr. Weiss personally received a benefit from these loan funds because these expenses were incurred prior to December 15, 2004, the date they entered into the loan agreement. In support of his argument, Mr. Hirsch points to language in the loan agreement, which states that the Borrowers "need additional operating capital." Aplt Br. at 12 (quoting Aplt. App. at 88). He argues that the plain meaning of "additional" in this context is to cover "future" expenses, and that this was his understanding when he entered into the loan agreement. The district court concluded that "[t]he simple and unambiguous meaning of the Loan Agreement is that [the Borrowers] were adding to the money they needed to do

the project, *i.e.*, they needed *more money* to do the project. It has no reference to the date any particular project obligation was incurred." Aplt. App. at 114. Moreover, in order to defeat summary judgment, Mr. Hirsch needed to provide evidence that these previously incurred expenses were not project expenses, but were for Mr. Weiss' personal benefit. Mr. Hirsch has provided no evidence of this. The simple fact that Mr. Weiss incurred expenses prior to the execution of the loan agreement does not give rise to an inference that those expenses were for his personal benefit.

In an attempt to further support his argument that these previously incurred expenses were for Mr. Weiss' personal benefit, Mr. Hirsch contends that Mr. Weiss failed to get authorization from the lender's representative for these expenses as contemplated by the loan agreement. Again, any alleged failure by Mr. Weiss to get authorization for these expenses does not give rise to an inference that these funds were therefore used for his personal benefit. According to Mr. Hirsch's affidavit, Mr. Weiss did not get authorization for "any" of the disbursements of the loan proceeds, *see* Aplt. App. at 101 ¶10, yet Mr. Hirsch did not argue that *all* of the loan proceeds were disbursed for Mr. Weiss' personal benefit. Mr. Hirsch has not provided evidence as to how any alleged failure to get authorization for these previously incurred expenses establishes that they were used for Mr. Weiss' benefit. Finally, it is not clear why Mr. Hirsch is even complaining about this issue on appeal because the district court deducted these

-6-

prior expenses, which totaled $16,814.52, from Mr. Hirsch's one-third share of the debt.

B. Travel Expenses

Next, Mr. Hirsch argues that Mr. Weiss personally received a benefit from loan funds by improperly paying for travel expenses he incurred. Mr. Hirsch argues that the fact that Mr. Weiss did not get authorization for these expenses creates a reasonable inference that these expenses would not have been approved had they been submitted to the lender's representative. This is not a reasonable inference. Again, Mr. Hirsch stated in his affidavit that Mr. Weiss did not receive authorization for any disbursement of the loan funds, yet he does not argue that all of the loan funds were used for Mr. Weiss' personal benefit. Accordingly, the lack of authorization from the lender's representative for disbursement of the travel expenses does not establish that the travel was for Mr. Weiss' personal benefit.

Mr. Hirsch also makes the conclusory assertion that it may be reasonably inferred that these expenses were not proper "operating expenses" under the loan agreement and that therefore Mr. Weiss used the funds for his own benefit. The bulk of the travel expenses at issue involved airfare, hotels and meals in Stuttgart, Germany, where the development project was located. As the district court explained in its order, "[u]nder the Loan Agreement, the proceeds were explicitly to be used for, among other things, 'all due diligence investigations' and

'obtaining all governmental approvals and permits' for a project that was in Suttgart, Germany." Aplt. App. at 115. The district court noted that both Mr. Weiss and Mr. Hirsch were residents of the United States, and concluded that there was no material factual dispute about whether some travel was necessary for this project. Moreover, the district court pointed out that Mr. Hirsch was relying on equity in advancing his defense of the contribution action, and that Mr. Weiss had provided evidence that the loan proceeds were used to reimburse Mr. Hirsch for thousands of dollars of travel as well.

Finally, Mr. Hirsch argues that Mr. Weiss was not entitled to summary judgment because Mr. Hirsch stated in his affidavit that "some of the borrowed funds were misspent, dissipated and spent outside of the manner intended under the Loan Agreement." Aplt. Br. at 15. Because Mr. Hirsch did not set forth any facts to support this statement, this portion of his affidavit may not be used to defeat summary judgment. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003) ("Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." (quotation omitted)).

C.  Improper Weighing of Evidence and Determination of Amount Due

Mr. Hirsch argues that the district court should have denied summary judgment, but instead decided an issue of fact.  Mr. Hirsch is again complaining about the district court's decision to deduct $16,814.52 of Mr. Weiss' previously-incurred expenses from Mr. Hirsch's one-third obligation on the debt. Because Mr. Hirsch benefitted from the district court's decision on this issue, it is unclear why Mr. Hirsch is complaining about it on appeal.  Moreover, although the district court concluded that these prior-incurred expenses represented a factual dispute, the dispute surrounding these expenses was not material to the question of whether Mr. Weiss benefitted unequally from the loan proceeds. Because any factual dispute regarding these expenses did not present a "genuine issue as to any material fact," summary judgment in favor of Mr. Weiss was appropriate.  *See* Fed. R. Civ. P. 56(c).  Finally, Mr. Hirsch argues the district court's decision on this issue has "denied [him] the opportunity to make a full presentation of *all* of the expenses at issue at trial."  Aplt. Br. at 16.  Mr. Hirsch should have presented all evidence of material factual disputes in his opposition to summary judgment.  His failure to do so does not provide a basis to overturn the district court's decision.

Mr. Hirsch also complains that the district court incorrectly calculated the amount he owed.  The district court entered judgment against Mr. Hirsch based on one-third of $330,835.74, less $16,814.52.  Aplt. App. at 116.  The district court

resolved the parties' dispute over the total debt by using the figure provided by Mr. Hirsch, $330,835.74, rather than the figure provided by Mr. Weiss, $313,530.90.  *Id.*  For the first time on appeal, Mr. Hirsch argues that the correct figure is in fact $313,530.90.  Because this argument was not presented to the district court, we will not consider it for the first time on appeal.  *See Walker v. Mather* (*In re Walker*), 959 F.2d 894, 896 (10th Cir. 1992).

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge