Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about June 1, 2011, which, to the extent appealed from, granted plaintiffs’ cross motion to amend the complaint to add as a defendant the Estate of Anthony Viaer as sole shareholder of Anlovi Corporation, unanimously affirmed, without costs.
Elaintiff Franklin Oleh, Sr.’s two infant sons allegedly sustained personal injuries as a result of a dangerous condition in the apartment where they lived, in a building then owned by defendant Anlovi Corporation. In 2009, plaintiffs commenced this action against Anlovi, and obtained a default judgment against it. After this action was commenced, Anlovi’s sole shareholder, Anthony Viaer, authorized the sale of the building, which was Anlovi’s only asset. Viaer died shortly thereafter, and it is undisputed that Viaer’s estate now controls proceeds of that sale. Subsequently, Anlovi’s insurer disclaimed coverage on the ground that Anlovi failed to provide timely notice of plaintiffs’ claim.
Supreme Court providently exercised its discretion in granting plaintiffs’ cross motion to add the estate as a defendant, since the proposed amendment is not palpably improper or clearly lacking merit (CPLR 3025 [b]). The estate is a necessary party to this action because it controls the proceeds of the sale. Further, if the estate is not a party, plaintiffs cannot be accorded “complete relief’ (CPLR 1001 [a]), because the sale of *446 Anlovi’s assets has rendered it insolvent (see Ed Moore Adv. Agency v Shapiro, 124 AD2d 696, 696-697 [2d Dept 1986]). The estate’s rights to Anlovi’s assets may also “be inequitably affected by” plaintiffs’ default judgment against Anlovi (Genger v Genger, 87 AD3d 871, 874 [1st Dept 2011]; see Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 87 AD3d 119, 128-130 [1st Dept 2011], affd 19 NY3d 543 [2012]).
We have considered defendants’ remaining contentions and find them unavailing. Concur—Friedman, J.E, Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.