# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1122**
**CA 15-00719**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

WESTOVER CAR RENTAL, LLC, DOING BUSINESS AS
DOLLAR/THRIFTY CAR RENTAL, AND WESTOVER CAR
RENTAL, LLC, DOING BUSINESS AS THRIFTY AIRPORT
PARKING, PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                MEMORANDUM AND ORDER

NIAGARA FRONTIER TRANSPORTATION AUTHORITY,
DEFENDANT-RESPONDENT-APPELLANT.

---

PALADINO CAVAN QUINLIVAN & PIERCE, BUFFALO (SHANNON M. HENEGHAN OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (HEATH J. SZYMCZAK OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 11, 2014. The order, among other things, granted in part and denied in part the motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Defendant is a public benefit corporation that operates the Buffalo Niagara International Airport. Plaintiffs own and operate businesses located across the street from the airport that provide airport parking, car rentals, and a shuttle service to and from the airport. Pursuant to 21 NYCRR 1160.21, operators of car rental businesses and off-airport parking lots such as plaintiffs are charged a tariff or access fee for access to the airport property. The access fee is calculated as a percentage of the gross revenue of the car rental business or off-airport parking lot, with a minimum fee of 4% of any gross revenue under $500,000, and a maximum fee of 10% of any gross revenue over $1,500,000 (*see* 21 NYCRR 1160.21). Plaintiffs commenced this action seeking, inter alia, an order determining that defendant's business practices are unlawful and that the imposition of the access fees violates plaintiffs' rights under the constitutions of the United States and the State of New York. Plaintiffs appeal and defendant cross-appeals from an order that granted in part defendant's CPLR 3211 (a) (7) motion by dismissing the complaint with the exception of the fourth cause of action.

On appeal, plaintiffs contend that Supreme Court erred in granting defendant's motion with respect to the first and third causes of action because plaintiffs properly stated claims for violations of their right to due process.  We reject that contention.  In order to establish that they were denied substantive due process, plaintiffs "must establish a cognizable property interest, meaning a vested property interest" and "must show that the governmental action was wholly without legal justification" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627).  Here, plaintiffs' allegations in the complaint that the fees imposed for access to the airport "unreasonably interfere[] with [plaintiffs'] vested property right to make a profit" do not implicate a cognizable property interest inasmuch as "*the activity of doing business*, or *the activity of making a profit* is not property in the ordinary sense" (*College Sav. Bank v Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 US 666, 675).  We further conclude that plaintiffs failed to allege facts establishing that "there is absolutely no reasonable relationship to be perceived between the regulation and a legitimate governmental purpose" (*Brightonian Nursing Home v Daines*, 21 NY3d 570, 576; *see Transport Limousine of Long Is., Inc. v Port Auth. of N.Y. & N.J.*, 571 F Supp 576, 584; *see generally Bower Assoc.*, 2 NY3d at 628-629).

We likewise reject plaintiffs' contention that the court erred in granting defendant's motion with respect to the second cause of action, for unfair business practices.  A cause of action for unfair business practices requires a showing of "the bad faith misappropriation of a commercial advantage belonging to another by infringement or dilution of a trademark or trade name or by exploitation of proprietary information or trade secrets" (*Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203; *see Macy's Inc. v Martha Stewart Living Omnimedia, Inc.*, 127 AD3d 48, 56).  Here, the allegations set forth in the complaint lack the requisite elements to set forth such a cause of action inasmuch as "plaintiffs did not allege that the defendant[] misappropriated their labors, skills, expenditures, or good will or otherwise attempted to capitalize on [plaintiffs'] name or reputation in the [car parking or rental] business" (*Abe's Rooms, Inc. v Space Hunters, Inc.*, 38 AD3d 690, 693; *see Eagle Comtronics*, 256 AD2d at 1203).

In addition, we reject plaintiffs' contention that the court erred in granting defendant's motion with respect to the sixth cause of action, which alleges that the access fees imposed upon plaintiffs violated the Commerce Clause.  Even assuming, arguendo, that defendant acts as a market regulator and not a market participant and is therefore subject to the restraints of the Commerce Clause (*see Airline Car Rental, Inc. v Shreveport Airport Auth.*, 667 F Supp 303, 305-306; *see generally Reeves, Inc. v Stake*, 447 US 429, 436-437), we conclude that the access fees imposed upon plaintiffs pursuant to 21 NYCRR 1160.21 of no more than 10% of gross revenues "[are] a reasonable levy and [do] not constitute an objectionable burden on interstate commerce" (*Toye Bros., Yellow Cab Co. v Irby*, 437 F2d 806, 811; *see Airline Car Rental, Inc.*, 667 F Supp at 313-314; *Transport Limousine*, 571 F Supp at 583).

We agree with defendant on its cross appeal, however, that the court erred in denying its motion with respect to the fourth cause of action, alleging an equal protection violation.  We therefore modify the order by granting defendant's motion in its entirety and dismissing the complaint.  To state a cause of action for violation of equal protection based upon a claim of selective enforcement of a statute or regulation, the plaintiff must allege that "*first*, a person (compared with others similarly situated) is selectively treated and *second*, such treatment is based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" (*Bower Assoc.*, 2 NY3d at 631; *see Masi Mgt. v Town of Ogden* [appeal No. 3], 273 AD2d 837, 838).  Here, plaintiffs do not allege that any purported selective treatment was based upon race, religion, or an attempt to punish them for exercising a constitutional right (*see Bower Assoc.*, 2 NY3d at 631), nor have plaintiffs alleged "that 'defendant[] maliciously singled out [plaintiffs] with the intent to injure [them]' " (*Masi Mgt.*, 273 AD2d at 838, quoting *Crowley v Courville*, 76 F3d 47, 53).  Contrary to plaintiffs' contention, allegations that plaintiffs were treated differently from a similarly situated business are not sufficient to state a claim for an equal protection violation inasmuch as "a demonstration of different treatment from persons [or businesses] similarly situated, without more, [will not] establish malice or bad faith" (*Crowley*, 76 F3d at 53).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court